May it please the Court, my name is Kathleen Williamson, and I'm here from the District of Arizona in Tucson, and I'm representing Mr. Juan this morning. There's really only one primary issue in this case that's so compelling that I don't think the Court really needs to ultimately address the unreliable hearsay issue that we raised in terms of the sentencing or the procedural errors that we discussed in the brief. The primary issue is whether or not the sex offender or sex evaluation condition that was imposed upon Mr. Juan at the sentencing, whether or not it's reasonably related to protecting the public and preventing recidivism in light of Mr. Juan's history. And I'm basically almost quoting that basically out of the TM case, because this rests very strongly on the TM case. I was trying to figure out why the Court even wanted to hear from me this morning, because it seems so compelling. Of all the cases that I've reviewed, and it's been across the districts, whether they've been vacated or affirmed, I haven't seen such a de minimis nexus, if any, in this case. Scalia, I'm trying to find a case that's on point, and the closest I can come is Johnson. Now, I understand that you say Johnson involved violent assaults, but you're talking about Johnson 93 or Johnson 2012. I'll give you the site. I also found another Johnson case, 2014. I'm talking about 2012. I'm talking about 2012. We've got a 20-year-old sex offender, a 20-year-old conviction, and we say the Court doesn't abuse its discretion in mandating a sex offender assessment. That's the crime in that case is not a sex crime, just like here. Correct, Your Honor. So the only difference between that case and this case, because the age of the convictions is about the same, is that the conviction that your client has for the sex offense conviction your client has isn't for a violent offense, at least it doesn't appear to be a violent offense. So don't say the cases all go the other way. Johnson really cuts in favor of the government. Tell me how you get out of Johnson. Let me distinguish Johnson. It's radically different. You have to completely decontextualize my case to say that Johnson applies to this, because what we're looking for is whether or not the condition reasonably is related to the goals of 3553. Johnson was a multiple rapist. He, his history is so egregious as adult convictions. I understand that the history is worse, but I want to know why Judge Jorgensen abused her discretion, because your client has a history of inappropriate acts with children, is the best way to put it, one conviction and several other incidents that you don't challenge in the PSR. So tell me why, because those are not violent, the judge abuses her discretion simply by ordering an assessment. She imposes no conditions. She just orders an assessment. Well, in the Wann case, Your Honor, first of all, it's 27 years remote. It's the most remote conviction of all the ones that I could find. Second of all, it's not really a conviction. It's a juvenile adjudication for something that happened when Mr. Wann was 12 years old, again, nonviolent, nonpenetration, basically kid stuff, and at the time, the government didn't deem him seriously a risk to society enough to even prosecute him for another 5 years after that. So obviously, this 12-year-old was not a huge risk. And at the sentencing, the government didn't take a position at sentencing. The government presented no burden of proof. And what's different about this from all the other cases is that a month before Mr. Wann was arrested on this possession with intent to distribute marijuana, he was released on supervised release in another possession with intent to distribute  Through all those cases he was released in another possession with intent to distribute marijuana. So what's the difference? Is it easier to impose this condition, prevent Judge Jorgensen from imposing it? That's one factor to be considered, because you have to look at the totality of all the circumstances under all the case law that I looked at here. And so he's got 27 years basically. Wait a second. I think Judge Ellen has had a question for a while. That's okay. I just wanted to get in a little bit on Johnson. I think part of the reason you're saying Johnson is different is because the guy had two, at least two, rape convictions. One was a 14-year-old girl who was at gunpoint. The earlier rape was at knife point. And the particular crime involved in Johnson had to do with a weapon. So there wasn't a nexus between the condition in the sense that the crimes he committed earlier, which is Absolutely there was a nexus. And in fact, the only time that he's not committing these kind of acts is when he's in prison. He does 10 years for the first offense, and he does 13 years for the second offense. So I mean, I thought that the judge was incredibly lenient only asking for an assessment in that case, instead of rarely strict, the kind of strict rules that TM would have You'd say the case, this case, I know others may disagree, but you would say Johnson was a far cry from this one is what you're saying. Absolutely. And also if you look at Roper v. Simmons, my guy is 12 years old when he has this indiscretion. Then the judge mentioned something as an aside that, that in a polygraph he admitted to having three victims. Well, obviously that juvenile did not use that terminology, that it's so unreliable. Second of all, he's still a juvenile, and it wasn't during a polygraph, it was during an interview. But you didn't, my concern about that is that nobody objected to the PSR, correct? There wasn't, there was nothing in the PSR. Well, this information about polygraph is set, right, right. Nobody objected to that. That's true, Your Honor, and that's my error, because I just, it didn't jump out at me, because after 27 years. Well, because the government didn't ask for, didn't ask for this condition. The government didn't ask for anything, probation didn't ask for anything. The prior case, a month before he was arrested on this in front of Judge Collins, the same charges, possession of marijuana, didn't, it wasn't a flag. It was never a flag, and that all the years, if you look at his criminal history, he's got all kinds of drug and alcohol-related problems, and he's been monitored abundantly during his adult life. There's never a single sex red flag at all in his adult life. Can you tell me what's the prejudice from an assessment? In other words, it's now on the public record that your client has this history, whether it's a good, bad or indifferent. What's the prejudice to him from an assessment? I can see how we might later say it was an abuse of discretion to impose an additional condition, but what's the prejudice from the assessment? Well, first of all, I don't think anybody in this room wants to have one of these kinds of sex of value assessments, no matter how clean their life has been. It's a very personal. You're going into the most personal, private aspects of somebody's life, and you're demanding that they tell the truth about all this. So first of all, you've got the Antelope case and Fifth Amendment problems right out of the starting gate. He doesn't have counsel. Sotomayor, slow down. Tell me what the Fifth Amendment problem is. Well, Antelope was a sex assessment, including a polygraph issue, and he refused to answer the questions, claiming the Fifth Amendment. And the Supreme Court said that he would really, it falls under almost a Castigar issue, that he can't be forced to. So he could see that, so he could assert. It wasn't a violation. They said it's not a violation of his conditions of release to not answer the questions. So that's why I don't understand your Fifth Amendment violation argument. He can, he can at the assessment refuse to admit any offenses, correct? Exactly. So it's not a Fifth Amendment problem. But that implies that these are very intrusive. These tests are very intrusive and very personal. It's humiliating. It's shaming. He's already suffered the government's treatment five years later for a 12-year-old indiscretion. Five years later, they do this to him. And then he did a year waiting to go into a halfway house imprisonment as a juvenile for the 12-year-old indiscretion. And then when he violated probation, it looks like I'm running out of time here. When he violated probation, Judge Bilby just gave him incarceration. He didn't give him any more sex offender treatment. I mean, he did get seven months' sex offender treatment. He got four months' private counseling. But also, it's he's not represented at that time. And once you get into supervised release and they start modifying conditions and so forth, I haven't seen a case in 30 years where an attorney has been called into those things. So it can be really dangerous and perilous for a defendant to undergo these things. So, Your Honor, I think that everything's been adequately briefed, but I would bring your attention also to the United States v. Sharpe, which is an unpublished decision in this Court. I don't have the citation right in front of me, but basically it's closely parallel to these facts. It's not cited in my brief. It's an unpublished decision. Robertson, I have it here. Scalia, would you submit a supplemental citation? I've got it, too. I would. And then there's United States v. Scott and United States v. Johnson, 2014, in another district. Those cases are very similar to what's happened here. But this case has the – it's basically zero nexus. And so I think that it's substantively unreasonable and an abuse of discretion. And I hope that you'll vacate that condition. Thank you, Your Honor. Thank you, counsel. Good morning. My name is Sarah Houston. I'm from the U.S. Attorney's Office in Tucson, Arizona. May it please the Court. Your Honors, the sole issue before you is whether Judge Jorgensen abused her discretion when she ordered that the defendant in this case undergo a sex offender evaluation as a term of supervised release. And as the Court in its questioning has indicated, this is most similar to the 2012 Johnson case out of this circuit. Well, we didn't all agree on that. Well, you're correct. We didn't indicate anything in other words. I'm not saying we disagree. I guess that's the better way of saying it. But I didn't hear us agree this case was analogous to that. I guess it would be better to say that the issue is whether it is or is not analogous. Well, Johnson solves, in my mind, your age problem, because I'm not sure that 20 is different than 27. The question is how does it solve your nexus problem? Well, I think— And recognizing, to be fair to the government, that you didn't ask for this condition. No. And that's the other thing that's perplexing, is that you didn't even ask for it. Why are you defending it all the way up to the court of appeals now? Could you guys settle? I mean, it seems kind of ridiculous. Nobody asked for it. It seems rather arbitrary on its face. The nexus is slim, if any. And I happen to think 27, which is now approaching three decades as opposed to two decades, is a difference, a big difference, especially when you consider as people get older, less likely they are to commit crimes. So I just—I don't even understand why you're defending this at this point. Well, Your Honor, it's an abuse of discretion standard, and the government's position is that while we didn't request this particular condition of supervised release, it is an appropriate condition, and it comports with the legal requirements. And while— It seems like the government's position is like, well, if the district court imposed it, then we're going to defend it because it's not going to be an abuse of discretion. Well, I think our position is that the sentence that he received is a legal sentence and that there's nothing legally wrong with this condition, and therefore, it should stay. But we're in a strange situation here. We have somebody who says, I'd like this condition removed. You don't care. I mean, you're defending it because the district judge did it, and I applaud you for that, but you don't care. Isn't there some way we can get this settled? Can the two of you simply agree that the condition can be removed? Well, Your Honor, honestly, I think settling this would require Judge Jorgensen, because I— Oh, no. We can say the parties having agreed that the condition should be removed, it is hereby ordered. So can you agree with your colleague that the condition should be removed? No, Your Honor. I do think it is appropriate. While we didn't ask for it, there is a sufficient nexus, and it is an old— But the probation officer didn't ask for it. I mean, the probation officer, it just seems very odd. I mean, I was a district court judge. It just seems really odd. I mean, I would work very closely with the probation officers, and they did a pretty good job of figuring out what needed to be done. They didn't include it. They didn't. But the district court isn't limited to just what— No, of course not. But it just seems so arbitrary in this case. Well, and I disagree, Your Honor. I don't think it is arbitrary. And I believe that Judge Jorgensen laid out her explanations for why it is appropriate. And I think that a lot of that stems with the defendant never completed a sex offender treatment. And while, Your Honor, you pointed out that sometimes as people age, they're less likely to commit offenses. But I think when it comes to sex offender characteristics, those, if untreated, may not disappear with age. But do we have any evidence that there's been any sex offense by this defendant in 27 years? Even the stuff he admits to is childhood stuff, isn't it? It's unclear, but it seems to be close in time to the— To the offense for which he received the juvenile adjudication. 12 years old. When it occurred, yes, Your Honor. And then the evaluation or the polygraph that we've discussed occurred, I think, later on in 1995 or 1996. I would agree that a district judge, and I think we all would agree that a district judge is not precluded from making determinations that are not recommended by a pre-trial probation. Normally, that's the way it happens. But if you saw a basis for imposing a condition, you could impose it. And as a district judge, I've done it on occasion. But that's not really the issue. The issue is, even though she had discretion to impose a condition if the factors were there, which would suggest it, and she had to be judged by abuse of discretion, and that's what she's been judged by, the question is whether, you know, if we allow this to happen, are there any real limits on what a district judge can do relative to imposing these kinds of conditions? Because Johnson involves a guy who was convicted, although it was 32 years earlier, for twice raping a woman at knife point, and then 22 years earlier for raping a 14-year-old girl at gunpoint. And then now he has a conviction which involves possession of a firearm. And the firearm had been used in previous convictions. It doesn't sound like our case. It doesn't sound like our case. I think that the nexus is closer in Johnson. But I don't think that that's the final factor. What we have in this case that we didn't have in Johnson was an extensive history of substance abuse that's ongoing, and additional ongoing criminal behavior that's related to that, that also involves assaultive behavior and domestic violence conditions. But assaults, drug, taking drugs and so forth, is there, there's a showing that that relates to sex offenses? It can because it decreases a person's inhibitions and would make it more difficult to control impulses. Did Judge Jorgensen say any of this? Or are we just now supposing why she might have imposed it? She, as I read the record, she didn't say, well, here's the nexus as I see it. She just said, I'm going to impose this. Do you have an objection? Do you want a continuance? The other side said, no, no, we don't want it. But how does the record demonstrate the nexus for us? Or are we just trying to pull the nexus out of the record? She doesn't use the term nexus. But she does say, I want to impose this condition because of the substance abuse history and the assaultive and domestic violence issues that are evident from his arrests and because of the prior adjudication for the sex offense and because he never completed treatment. And those were the reasons that she expressed on the record is why she wanted a sex offender evaluation so that she could get additional information and would know whether it would be appropriate to impose any other conditions. If she did impose other conditions, and I take it this evaluation, if allowed, would occur after he completed whatever term of imprisonment he was given? Yes. If she were to impose additional conditions, could Mr. Wan appeal those to us? I'm sorry, Your Honor, could you do that? So let's assume that she has an evaluation. Yes. And the district judge says, okay, now I'm going to say you can't be within 30 feet of children or something like that. Would that be an appealable be – would the addition of that condition be appealable to us? Yes. And we would presume that Judge Jorgensen would follow the statutory requirements and there would be notice and a hearing on it where the defendant, through his attorney, could contest those allegations – contest the imposition of those additional conditions and that could be litigated not just at the trial court level, but then if they were imposed, he could appeal them again because they would be an imposition of new conditions. I have some concern and a question about a condition that because someone uses drugs or someone has been engaged in an assaulted behavior which was not related to sex, that somehow those could be used as conditions to justify evaluation for sex offender treatment. I mean, you could do that in almost – I mean, there are a lot of cases. So I don't see the nexus on that. I think if there's a nexus, it has to be tied to the prior sex offenses. Well, Your Honor, I think that this case involves more than that because it does involve the prior sex offense and treatment was never completed for it. So I agree if it was only assaulted behavior and substance abuse problems, that alone wouldn't justify a sex offender evaluation. But because this involves the prior sex offense, incomplete treatment, the assaulted by having the evaluation, and the evaluation is less of an imposition on liberty than the sex offender conditions, which the judge didn't impose. But you couldn't have on this record, could she? I think it would be probably not, no. And the treatment that he didn't complete dates back to the earlier period when he was convicted in the federal court on juvenile violation for the sex offense and because it didn't complete the treatment, he went in and he served some months imprisonment for that, for violating his probation. Yes, that was one of his probation violations, was that he didn't participate. And from that time forward until the time in this case, there was no – there was no sex offense? That we know about, no, there's nothing in the record on that, Your Honor. But again, I don't think that that's determinative. To impose conditions for treatment, yes, but to just ask for an evaluation to see what's going on, I think that wasn't an abuse of discretion and the best way for Judge Jorgensen to ensure that she is protecting the public, rehabilitating the defendant, and providing those purposes. And so it's not as strong of a nexus as Johnson, but I think it's strong enough for an abuse of discretion standard and that it doesn't impose on the defendant's liberty any more than necessary in order to do that. All right. Thank you, counsel. Thank you. The United States v. Juan will be – You have 49 seconds left. You have 49 seconds? Okay. I think you might use it. Yeah, there it is. Okay. Yeah, the question is always do you really, as Judge Oliver pointed out, do you really like using it? I just wanted to distinguish these cases again based upon Roper v. Simmons as well. That's a big difference between all of the other cases, and whether the cases have affirmed sex offender conditions or evaluations or vacated them, there is not one case out there that has a de minimis nexus like this. What's your strongest case? Well, the Sharpe case that is unpublished, but then I would say Foster in 2014, which I can provide to the Court, not Foster, Johnson in 2014, which – and there's – this is unprecedented because there's never been a case that just ties nothing to these conditions. But I would say that if the judge was concerned, as Judge Oliver pointed out, with DV conditions, yes, DV conditions apply. Substance abuse conditions apply. But under this, if you had, like, three DUIs, the judge could order a sex offender condition. There's nothing here. He's a baby when this thing happens. It's not violent. And over all those years, all the monitoring that he's had, there's never been a single red flag, which is why a month before he was even arrested on this and Collins. All right. Nobody is interested. Thank you, Your Honor. We will submit United States v. Wan, and we will take up Wedel v. Netzman.
judges: Wardlaw, Hurwitz, Oliver